```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NATHEL & NATHEL, INC.,

          Plaintiff,

 - against -

SOUTH SHORE PRODUCE DISTRIBUTERS
INC., RICHARD E. GONZALEZ, and
DEBORAH GONZALEZ,

          Defendants.

-------------------------------------------------------x

**Order To Show Cause For
Preliminary Injunction with
Temporary Restraining Order**

Assigned to Judge Cote

This matter is before the Court upon plaintiff's Application for an order granting a Preliminary Injunction and Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the complaint heretofore served and filed in this action and the affidavit of plaintiff's representative, sworn to on the 13th day of January, 2010, that plaintiff (i) is a produce creditor of defendants under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c) and (ii) has not been paid for produce in the amount $214,547.45 (exclusive of reasonable attorney's fees and recovery costs) for perishable commodities ("produce") supplied to defendants, as required by the PACA.

It is also clear that defendants', having been in financial jeopardy, have violated and continue to violate their obligations pursuant to PACA, by their wilful failure to pay plaintiff from statutory trust assets and by otherwise dissipating the trust assets by making payments to others rather than to plaintiff.

~~Instead~~ The Defendants have heretofore and presently continue to sell their Produce, without making any payments to Plaintiff and, upon information and belief, have recently begun and presently continue to dissipate and/or relocate their personal and business assets.

As a result, it appears that, in violation of Federal law, the PACA trust assets are threatened with continuing dissipation of PACA trust assets.

~~If notice were given to defendants of the pendency of this motion for preliminary injunction, trust assets may be further dissipated and/or relocated or otherwise hidden before the motion is heard. Once dissipation and/or relocation has occurred, recovery of trust assets will be all but impossible. Entry of this Order without notice would assure retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust, 7 U.S.C. §499e(c)(4).~~ dlc

Defendants were given notice of this action and application, and ~~In accordance with Rule 65(b)(2), the applicant's attorney hereby certifies why notice should not be required.~~ dlc given an opportunity to appear at a conference on 1/22/10 and failed to appear.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of loss of trust assets unless this order is granted ~~without notice~~.

Therefore, it is by the United States District Court for the Southern District of New York;

**ORDERED**, that the above named defendants show cause before the Hon. _Denise Cote_, presiding at the United States Courthouse, 500 Pearl Street, Room _11B_, New York, New York on _~~February~~ 5_, 2010 at _3:30_, _P_ M of that day, or as soon thereafter as counsel may be heard, why an order should not issue pursuant to the Federal Rules of Civil Procedure, Rule 65, requiring defendants, during the pendency of this action to place in trust, the sum $214,547.40 in an interest bearing account in care of Andrew Squire Esq., as attorney for plaintiff herein, in satisfaction of the defendants' trust obligations under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(e); and it is further,

**ORDERED,** that defendants, the customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of defendant South Shore Produce Distributers Inc. ("South") and/or Richard E. Gonzalez ("Richard"), and/or Deborah Gonzalez ("Deborah"), except for payment to plaintiff, until further order of this Court or until payment is made to plaintiff the sum of

$214,547.40 by cashier's check or certified check, at which time this Order is dissolved; and, it is further,

**ORDERED,** that in the event defendants fail to pay plaintiff the sum $214,547.40 by cashier's check or certified check within ~~two (2)~~ four (4) business days of service of this Order, then defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies all of their assets, liabilities and each account receivable of South signed under penalty of perjury; and that defendants shall also furnish to plaintiff's counsel within ~~five (5)~~ seven (7) days of the date of this Order any and all documents in connection with the assets and liabilities of South, Richard and Deborah, including but not limited to the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns; and it is further,

**ORDERED,** that defendants shall promptly post a Bond in the sum of $214,547.40 in the event that defendants are unable to timely deposit $214,547.40 with plaintiff's counsel, in accordance with this Order; and it is further,

**ORDERED,** that service of a copy of this order and the papers upon which it is based be served by personal service or by Federal Express or express mail overnight delivery service upon each of the defendants at 480 Poller Boulevard, Brightwaters, NY, 11718, on or before  5:00  o'clock in the  after  noon on January  25 , 2010, shall be deemed good and sufficient service. Opposition papers shall be filed with the Court (with a courtesy copy for Chambers) and served on plaintiff's attorney by no later than  February 1 , 2010.

This Temporary Restraining Order is entered this  22d  day of January, 2010 at  noon  . A hearing on plaintiff's motion for preliminary injunction is set for the  5th  day of  February , 2010 at  3:30 pm . Plaintiff shall forthwith serve defendants and their counsel, if any, with a copy of this order by overnight delivery service..

DATED:   January  22 , 2010
         New York, NY

          noon

                                            _____
                                            United States District Judge

53\nathel.v.south\wpd